**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ROBERT E. WOODWARD,                                                            PLAINTIFF
ADC #166447

v.                                             5:19-cv-00005-KGB-JJV

JAMES GIBSON, Warden; and
WENDY KELLEY, Director,
Arkansas Department of Correction                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.      INTRODUCTION

Robert E. Woodward ("Plaintiff") is a convicted prisoner in the Varner Super Max Unit

("VSM") of the Arkansas Department of Correction ("ADC").   He has filed a *pro se* Amended

Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Warden James Gibson and ADC

Director Wendy Kelley violated his constitutional rights.   (Doc. No. 4.)   After careful review of

Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state

a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C.

§ 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.

§ 1915A(b).

2

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff is in the VSM, which "houses ADC's most incorrigible inmates" who pose a threat to themselves or others. *Roddy v. Banks*, No. 03-3735, 2005 WL 433404 (8th Cir. Feb. 25, 2005) (unpublished decision). For security reasons, VSM prisoners bathe, eat, and otherwise remain in their single-man cells at all times other than yard call.

On January 4, 2019, Plaintiff filed a Complaint alleging Defendants violated his constitutional rights by allowing him to be bitten by mosquitos. (Doc. No. 2.) I explained to him the high standard required to plead a viable Eighth Amendment claim, gave him an opportunity to file an Amended Complaint containing sufficient facts to clear that high threshold, and explained his Amended Complaint would render his original Complaint without legal effect. (Doc. No. 3.)

In his Amended Complaint, Plaintiff explains that mosquitos "come in the cell blocks I suppose while inmates are being escorted out for recreation." (Doc. No. 4 at 5.) According to

Plaintiff, VSM policy requires that all prisoners shower in their cells, which "in turn causes water to stand in our cells and literally turns them into mosquito dens." (*Id*. at 4.) Plaintiff claims he was "attacked" by mosquitos during the summer months, and that his bites were treated in the prison infirmary with Neosporin and alcohol pads. (*Id*. at 6.) As relief, Plaintiff seeks an injunction requiring Defendants Kelley and Gibson to change the policy requiring VSM inmates to shower inside their cells. (*Id*. at 7.)

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Thus, to plead a viable Eighth Amendment conditions of confinement claim, a prisoner must allege facts suggesting: (1) objectively, the deprivation constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Kulkay v. Roy*, 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cty.*, 607 F.3d 543, 548-49 (8th Cir. 2010).

Mosquito bites are an annoying but common consequence of living in the South. Nothing in the Complaint suggests Plaintiff's mosquito bites, which were treated in the infirmary with topical cleansers, created a substantially serious risk to his health or safety. *See also Wilson v. Seiter*, 501 U.S. 294, 305 (1991) (defining an objectively serious condition as "the deprivation of a single, identifiable human need such as food, warmth, or exercise"). Additionally, Plaintiff has not pled any facts suggesting Defendants were deliberately indifferent. To the contrary, Plaintiff alleges he was bitten by mosquitos that inadvertently and unavoidably entered the unit while prisoners were being escorted in and out of the building for yard call. *See Davis,* 607 F.3d at 336

4

(defining deliberate indifference, which is a higher standard than negligence, as a "reckless disregard of a known risk").   Plaintiff claims the water on his cell floor attracted these mosquitos, but he does not allege the floor drain was clogged or that he did not have towels or other means to dry his cell floor.   Instead, Plaintiff's only allegation against Defendants is that they enforced a policy that, for legitimate security reasons, requires VSM prisoners to shower inside of their cells. I do not believe these alleged facts rise to the level of a constitutional violation.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    The Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis appeal* from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

5