IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT E. WOODWARD,                                                                    PLAINTIFF
#0452670

v.                                       5:19-cv-00005-KGB

JAMES GIBSON, Warden, Varner Unit; and
WENDY KELLEY, Director, ADC                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    DISCUSSION**

In January 2019, Robert E. Woodward ("Plaintiff) filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by allowing him to be bitten by mosquitos at the Varner Super Max Unit of the Arkansas Department of Correction. (Doc. No. 2.) I explained to Plaintiff why he had not pled a plausible claim for relief and gave him the opportunity to cure the deficiencies. (Doc. No. 3.) Plaintiff's Amended Complaint did not do so. (Doc. No. 4.) Thus, on January 24, 2019, I issued a Recommended Disposition suggesting the case be dismissed without prejudice for failure to state a plausible claim for relief and that a strike be imposed, pursuant to 28 U.S.C. § 1915(g). (Doc. No. 5.)

On March 14, 2019, the parties filed a Joint Motion to Dismiss with prejudice pursuant to a settlement agreement. (Doc. No. 8.) Specifically, Plaintiff agreed to dismiss this case with prejudice, as well as sixteen other lawsuits pending in this District, in exchange for his transfer to the North Carolina Department of Correction ("NCDC") "within the next seven days." (*Id.* at 3.) Importantly, the settlement agreement allowed Plaintiff to avoid the imposition of a strike, as suggested in my January 24, 2019 Recommended Disposition. Due to unanticipated

2

circumstances and extra security measures that were necessitated by Plaintiff's escape history, he arrived at the NCDC on March 22, 2019, at 1:42 a.m., which was an hour and forty-two minutes later than anticipated in the settlement agreement.[1]  (Doc. No. 14-4.)

On March 26, 2019, Plaintiff filed a Motion seeking permission to withdraw the settlement agreement due to his allegedly untimely transfer to the NCDC.  (Doc. No. 12.)  Plaintiff says Defendants promised to transfer him by March 18, 2019, but offers no evidence to support that contention, which is clearly contrary to the unambiguous language of the settlement agreement. *See Barry v. Barry,* 172 F.3d 1011, 1013 (8th Cir. 1999) (a federal district court "has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous"). More importantly, Plaintiff has not explained how the one hour and forty-two-minute delay caused him any harm or materially altered the terms of the settlement agreement.  Plaintiff also claims the settlement agreement was an "underhanded deal" because Defendants did not disclose he was already on the ADC's transport list.  (Doc. No. 12 at 1.)  But again, Plaintiff has offered no evidence to support his assertion.  And, his argument overlooks the fact that merely being on the transport list in no way guaranteed he would have been promptly transported to North Carolina, which was the heart of the settlement agreement and a benefit of the bargain that he actually received.

Because there has been no material breach of the settlement agreement, I recommend Plaintiff's Motion to Withdraw be denied, the Joint Motion to Dismiss be granted, and this case be dismissed with prejudice.  In the alternative, I recommend the Court dismiss this case for failure to state a plausible claim for relief and impose a strike, pursuant to 28 U.S.C. § 1915(g).

---

[1] Plaintiff had previously been convicted of fleeing from police officers and escaping from the ADC. (Doc. Nos. 14-1, 14-2, 14-3.)

## II.   CONCLUSION

IT IS, THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Withdraw Settlement (Doc. No. 12) be DENIED.

2. The Joint Motion to Dismiss (Doc. No. 8) be GRANTED, and this case be DISMISSED WITH PREJUDICE.

3. The January 24, 2019, Proposed Findings and Recommendation (Doc. No. 5) be DISMISSED AS MOOT.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 10th day of April 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE